# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| ROBERT MURPHY, M.D., | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 04 C 2930 |
| UNITED STATES LIFE INSURANCE COMPANY IN THE CITY OF NEW YORK; NORTHWESTERN MEDICAL FACULTY FOUNDATION, INC., LONG-TERM DISABILITY INSURANCE PLAN; and UNIVERSITY PHYSICIANS TRUST, | ) Judge John W. Darrah ) ) ) ) ) ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

Plaintiff, Dr. Robert Murphy, sued Defendants, United States Life Insurance Company in the City of New York ("U.S. Life Insurance"), Northwestern Medical Faculty Foundation, Inc. Long-Term Disability Insurance Plan ("the Northwestern Plan"), and University Physicians Trust. Plaintiff contends that Defendants wrongly denied Plaintiff long-term disability benefits under an Employment Retirement Security Act ("ERISA") plan.

Count I alleges that Defendants wrongfully terminated and denied benefits in violation of 29 U.S.C. § 1132(a)(1)(B). Count II alleges that Defendants breached their fiduciary duties under 29 U.S.C. § 1132(a)(3) by terminating and denying benefits. Count III alleges that Defendants are equitably estopped from denying or reducing benefits based on a number of statements and actions made by Defendants while Plaintiff was receiving benefits.

Presently before the Court are Defendants' Motions to Dismiss Counts II and III of Plaintiff's Complaint. For the following reasons, those motions are denied.

## LEGAL STANDARD

In reviewing a motion to dismiss, the court reviews all facts alleged in the complaint and any reasonable inferences drawn therefrom in the light most favorable to the plaintiff. *See Marshall-Mosby v. Corporate Receivables, Inc.*, 205 F.3d 323, 326 (7th Cir. 2000). A plaintiff is not required to plead the facts or elements of a claim, with the exceptions found in Federal Rule of Civil Procedure 9. *See Swierkiewicz v. Sorema*, 534 U.S. 506, 511 (2002); *Walker v. Thompson*, 288 F.3d 1005, 1007 (7th Cir. 2002). Dismissal is warranted only if "it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). The "suit should not be dismissed if it is possible to hypothesize facts, consistent with the complaint, that would make out a claim." *Graehling v. Village of Lombard, Ill.*, 58 F.3d 295, 297 (7th Cir. 1995).

## BACKGROUND

The facts, for the purposes of this motion, are as follows. Plaintiff was employed with the Northwestern Medical Faculty Foundation, Inc. ("Northwestern Medical") as a professor and clinical physician. As part of his employment, Plaintiff was eligible to obtain long-term disability insurance through the Northwestern Plan, an ERISA plan administered by Northwestern Medical. The insurance policy was issued by U.S. Life Insurance to the policyholder, University Physicians Trust.

Plaintiff sustained an injury and began receiving long-term disability benefits. Defendants advised Plaintiff that only income derived from clinical work would affect his

benefits, and any income derived from teaching or consulting would not affect his benefits. U.S. Life Insurance also received information concerning Plaintiff's work and the income derived therefrom while benefits were being paid.

Thereafter, U.S. Life Insurance ceased paying benefits to Plaintiff. U.S. Life Insurance claimed that it overpaid benefits because Plaintiff earned a substantial income from his employment as a consultant. U.S. Life Insurance also claimed that pay raises Plaintiff received from his employment as a professor had not been taken into account in calculating the long-term benefits.

## ANALYSIS

Defendants argue that Count II, the breach of fiduciary duty claim under 11 U.S.C. § 1132(a)(3), should be dismissed because: (1) it seeks relief that can be fully redressed under Count I; and (2) Defendants are not administrating the plan and, therefore, cannot be held liable under§ 1132(a)(3). Defendants also argue that Count III, the equitable estoppel claim, should be dismissed because Plaintiff has not alleged any facts demonstrating a misrepresentation was made in writing or that he detrimentally relied on Defendants' misrepresentations. U.S. Life Insurance and the Northwestern Plan further argue that they cannot be held liable for equitable estoppel because only the policyholder has any duties in administering Plaintiff's insurance coverage.

Defendants first contend that the breach of fiduciary duty claim of Count II should be dismissed because it seeks relief that can be fully redressed under the 29 U.S.C. § 1132(a)(1)(B) claim for wrongful denial and termination of benefits. However, while Plaintiff may not recover duplicative relief under both statutes, he may plead claims under both statutes. *See Devlin v.*

3

*Empire Blue Cross & Blue Shield*, 274 F.3d 76, 89-90 (2d Cir. 2001); *Bowerman v. Wal-Mart Stores, Inc.*, 226 F.3d 574, 591-92 (7th Cir. 2000); *Sack v. Seid*, No. 01 C 6747, 2002 WL 1838153, at *4 (N.D. Ill. Aug. 12, 2002).

Defendants also contend that they do not administer the plan and, therefore, cannot be held liable under § 1132(a)(3). However, § 1132(a)(3) "admits of no limit . . . on the universe of possible defendants." *Harris Trust v. Solomon Smith Barney, Inc.*, 530 U.S. 238, 246 (2000). As such, the administrator is not the only party that can be held liable for a breach of fiduciary duty.

To prevail on a claim of equitable estoppel under ERISA, Plaintiff must demonstrate: "(1) a knowing misrepresentation; (2) made in writing; (3) with reasonable reliance on that misrepresentation by the plaintiff; (4) to [his] detriment." *Coker v. Trans World Airlines, Inc.*, 165 F.3d 579, 585 (7th Cir. 1999). Defendants contend the equitable estoppel claim should be dismissed because Plaintiff has not alleged any facts demonstrating a misrepresentation was made in writing or that he detrimentally relied on Defendants' misrepresentations. Plaintiff, though, is not required to plead facts concerning this claim in his motion to dismiss.

Finally, U.S. Life Insurance and the Northwestern Plan argue that they cannot be held liable for equitable estoppel because only the policyholder, United Physicians Trust, has any duties in administering Plaintiff's insurance coverage. *E.g., P.I.A. Michigan City, Inc. v. Nat'l Porges Radiator Corp.*, 789 F. Supp. 1421, 1425 (N.D. Ill. 1992). However, these Defendants have not cited any cases which provide that the insurer and the plan cannot be held liable for making knowing misrepresentations that a plaintiff reasonably relies upon to his detriment.


## CONCLUSION

For the foregoing reasons, Defendants' Motions to Dismiss Counts II and III are denied.

Dated: March 23, 2005

JOHN W. DARRAH
United States District Judge

5